A. Eric Bjorgum (SBN 198392)
Marc Karish (SBN 205440)
KARISH & BJORGUM, PC
16 North Marengo St., Suite 307
Pasadena, California 91101
Telephone:  (213) 785-8070
Facsimile:  (213) 995-5010
Eric.bjorgum@kb-ip.com

Attorneys for Plaintiff ANTHIME GIONET

UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANTHIME GIONET pka BAKED ALASKA, <br><br> Plaintiff, <br><br> v. <br><br> KEVIN MCCULLOUGH; ALIXANDER KOOCHAKI; EVAN PEARCE GLASSON; FUELED BY RAMEN, LLC; ATLANTIC RECORDING CORPORATION; and DOES 1-10, inclusive. <br><br> Defendants. | Case No. CV <br><br> COMPLAINT FOR: <br><br> 1.  COPYRIGHT INFRINGEMENT <br> 2.  VICARIOUS COPYRIGHT INFRINGEMENT <br> 3.  CONTRIBUTORY COPYRIGHT INFRINGEMENT <br> 4.  DECLARATION OF CO-OWNERHSIP <br><br> JURY TRIAL REQUESTED |

Plaintiff ANTHIME GIONET, professionally known as BAKED ALASKA ("GIONET" or "Plaintiff"), by and through his counsel Karish & Bjorgum, PC, hereby complains and alleges against Defendants KEVIN MCCULLOUGH, ALIEXANDER KOOCHAKI, EVAN PEARCE GLASSON, FUELED BY RAMEN, LLC, ATLANTIC RECORDING CORPORATION and DOES 1-10, inclusive (collectively, "Defendants"), on personal knowledge as to his own actions and on information and belief as to the actions of others, as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.* This Court has jurisdiction over matters arising under the Copyright Act pursuant to 28 U.S.C. § 1331 (federal question actions) and 28 U.S.C. § 1338 (a) (exclusive jurisdiction over copyright actions).

2. Defendants are subject to the personal jurisdiction of this Court inasmuch as they are individuals living in California or have purposefully availed themselves of the privileges of doing business in California with regard to the actions alleged herein, and such jurisdiction is reasonable. Specifically, Defendant MCCULLOUGH is an individual who, on information and belief, either resides in Palm Springs, California or Hollywood, California.

3. Defendant KOOCHAKI is an individual who, on information and belief, resides in Los Angeles County, California.

4. Defendant GLASSON is an individual who, on information and belief, resides in Los Angeles Country, California.

5. Defendant FUELED BY RAMEN, LLC ("FBR") is a Delaware limited liability company with its principal place of business in New York. On information and belief, FBR is a wholly owned subsidiary of Warner Music Group, with offices in New York and California, and is distributed by ATLANTIC RECORDING CORPORATION,

with offices in New York and California.

6. Defendant ATLANTIC RECORDING CORPORATION ("ATLANTIC") is a Delaware corporation with its principal place of business in New York, along with offices in California and an agent for service of process in Los Angeles.

7. As further alleged below, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) for the California-based Defendants, 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1391(b)(3).

## PARTIES

8. Plaintiff GIONET is a musician, songwriter and performer who has been involved in the music industry for over ten years. He currently performs under the name "Baked Alaska".

9. On information and belief, Defendant MCCLLOUGH is a California resident who has performed music in various bands and on a solo basis for several years. At one time, MCCULLOUGH was managed by GIONET. MCCULLOUGH is now the singer for a group called Ghost Town, who have a popular record out on FBR, which is distributed by ATLANTIC. On information and belief, FBR is owned by Warner Music Group Corp.

10. Defendants KOOCHAKI and GLASSON are musicians who are members of Ghost Town and who are credited with writing the song "Universe," which infringes Plaintiff's copyright on a song co-written with MCCULLOUGH.

11. Defendant ATLANTIC is a Delaware corporation with its principal place of business in New York. It has offices in California and a registered agent for service of process in Los Angeles. ATLANTIC is the distributor of Ghost Town's album "Party at the Graveyard" and the single "Universe."

12. Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 10, inclusive, or any of them, and therefore sues these defendants, and each of them, by fictitious names.

Plaintiff will seek leave of this court to amend this complaint when the status and identities of these defendants are ascertained.

13. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times mentioned in this Complaint, Defendants were acting in concert and active participation with each other in committing the wrongful acts alleged herein, and were agents of each other and were acting within the scope and authority of that agency and with knowledge, consent and approval of one another.

## GENERAL ALLEGATIONS

A.  GIONET'S Work

14. Plaintiff ANTHIME GIONET is a musician, songwriter, manager and performer.  He was raised in Alaska and has lived in Los Angeles County for several years.  He currently performs hip hop music under the name "Baked Alaska." GIONET can play guitar, piano and drums and is very capable with the latest digital recording and digital sampling technologies.

15. In 2010, GIONET lived in Fullerton, California. While he lived there, he was the personal manager of Defendant MCCULLOUGH.

16. While GIONET managed MCCULLOUGH, the two would often work on song writing together at GIONET's Fullerton apartment. In January, 2010, they recorded a demo of a song entitled "This Isn't Me" at GIONET's apartment.  GIONET has a time-stamped copy of that demo, and he has registered the song with the U.S. Copyright Office.

17. GIONET contributed to the lyrics, music and arrangement of "This Isn't Me." He collaborated with MCCULLOUGH on most of the song. However, the distinctive chorus was written entirely (words and melody) by GIONET.  Specifically, that chorus provides:

> And I can't help but think that this isn't me...
> But maybe they're right... Maybe this is all a lie...

> And I followed a sign that brought me to my life as I know it...
>
> and I can't find myself cuz...

18. At the end of the demo of "This Isn't Me," MCCULLOUGH can be heard saying "bridge?" and GIONET responds "yeah."

19. Sometime after writing this song, GIONET and MCCULLOUGH ended their business relationship, though they had several common acquaintances. In 2013, GIONET learned the MCCULLOUGH was now in a group called Ghost Town.

20. Eventually, GIONET learned the Ghost Town were becoming very popular and had a song entitled "Universe" that would be released as a single. At around this time, GIONET received a communication from MCCULLOUGH stating Ghost Town had a new song, and Gionet "might recognize some of it."

21. Upon listening to "Universe," GIONET was surprised that it copied word-for-word and note-for-note the lyrics and melody of the chorus he had written for "This Isn't Me." In addition, "Universe" also copied the opening stanza of "This Isn't Me", i.e.:

> I'm not in this universe, my body's stuck in reverse.
>
> My lungs are always short of breath,
>
> You see these tracks you know the rest.
>
> My face is skuffed my eyes are black...
>
> Where's the point where I turn back.

22. Initially, GIONET assumed he would be receiving a writer's credit for "Universe," but he did not. GIONET eventually wrote a letter to Defendant MCCULLOUGH's management and to Defendant FBR asking for an accounting, as he is entitled to under the Copyright Act. He received no response and was constrained to file this lawsuit.

23. GIONET later learned that the writers of "Universe" are identified as Defendants KOOMCHAKI and GLASSON. On information and belief, KOOMCHAKI and GLASSON perform "Universe" publicly on a regular basis and derive revenue from

infringing GIONET's copyright. On information and belief, the "Universe" writers had access to "This Isn't Me" through MCCULLOUGH.

24. On or about May 21, 2014, GIONET applied for a copyright registration on "This Isn't Me."

25. Ghost Town's debut album "Party at the Graveyard" has been very successful. "Universe" has been released as a single and in an acoustic "unplugged" version. It has also been released in a "bundle" with a t-shirt, and the lyrics to "Universe" have been printed on a t-shirt and sold separately. Fans of Ghost Town have re-recorded the song and posted their own versions on YouTube.

26. Ghost Town is set to perform this summer on the Vans Warped Tour. Plaintiff GIONET will also be performing as "Baked Alaska" on the Vans Warped Tour when it comes to Anchorage, Alaska.

27. On information and belief, Defendants have the right and ability to supervise the conduct of one or all of each other's infringing activities and have a direct financial interest in one or all of each other's infringing activities.

28. On information and belief, Defendants had knowledge of the infringing conduct of one or all of each other and materially contributed to, induced or caused the infringing activity of one or all of each other.

## FIRST CAUSE OF ACTION

(Copyright Infringement (17 U.S.C. § 501, *et seq.*) Against Defendants KOOMCHAKI, GLASSON, FBR and ATLANTIC)

29. Plaintiff realleges and reincorporates paragraphs 1 - 28 above, as though set forth fully herein.

30. Plaintiff is informed and believes and thereon alleges that Defendants KOOMCHAKI, GLASSON, FBR and ATLANTIC, and each of them, had access to Plaintiff's work through Plaintiff's prior writing sessions with MCCULLOUGH and as MCCULLOUGH's manager.

31. Plaintiff is informed and believes and thereon alleges that Defendant FBR

and ATLANTIC have an ongoing relationship with MCCULLOUGH and the other Defendants.

32. Plaintiff is informed and believes and thereon alleges that Defendants KOOMCHAKI, GLASSON, FBR and ATLANTIC, and each of them, infringed Plaintiff's copyright by creating and distributing copies or derivative works of Plaintiff's co-written song "This Isn't Me," and that such copies or derivative works are sold and distributed through the retail stores and on the Internet, including through iTunes.

33. Defendants' infringement has caused substantial damage to Plaintiff, in an amount to be proven at trial. Plaintiff has suffered general and special damages. Defendants have also obtained profits either directly or indirectly from their infringing activities.

34. Plaintiff is informed and believes and thereon alleges that Defendants' infringing activities have continued after Plaintiff demanded that they cease and desist, so that the infringing activities are willful, intentional and malicious.

35. Defendants' infringement irreparably harms Plaintiff and leaves him without an adequate remedy at law, so that he is entitled to an injunction to halt any further infringing activity.

## SECOND CAUSE OF ACTION

(Vicarious Copyright Infringement Against All Defendants)

36. Plaintiff realleges and reincorporates paragraphs 1 - 28 above, as though set forth fully herein.

37. Defendants, either alone or in concert, have vicariously infringed Plaintiff's copyrights. Plaintiff is informed and believes and thereon alleges that Defendants, either alone or in concert, had the right to supervise any infringing conduct and have a direct financial interest in the infringing activity. Alternatively, Defendants, either alone or in concert, profited from direct copyright infringement while declining to exercise their right to stop or limit it.

38. Defendants' vicarious infringement has caused substantial damage to

Plaintiff, in an amount to be proven at trial. Plaintiff has suffered general and special damages. Defendants have also obtained profits either directly or indirectly from their vicarious infringement.

39. Plaintiff is informed and believes and thereon alleges that Defendants' vicarious infringement continued after Plaintiff demanded that they cease and desist, so that the infringing activities are willful, intentional and malicious.

40. Defendants' vicarious infringement irreparably harms Plaintiff and leaves her without an adequate remedy at law, so that she is entitled to an injunction to halt any further infringing activity

### THIRD CAUSE OF ACTION

(Contributory Copyright Infringement Against All Defendants)

41. Plaintiff realleges and reincorporates paragraphs 1- 28 above, as though set forth fully herein.

42. Defendants, either alone or in concert, have contributorily infringed Plaintiff's copyright. Plaintiff is informed and believes and thereon alleges that Defendants, or each of them, (i) had knowledge of each other's infringement and (ii) materially contributed to, caused or induced that infringement.

43. Defendants' contributory infringement has caused substantial damage to Plaintiff, in an amount to be proven at trial. Plaintiff has suffered general and special damages. Defendants have also obtained profits either directly or indirectly from their vicarious infringement.

44. Plaintiff is informed and believes and thereon alleges that Defendants' contributory infringement continued after Plaintiff demanded that they cease and desist, so that the infringing activities are willful, intentional and malicious.

45. Defendants' contributory infringement irreparably harms Plaintiff and leaves her without an adequate remedy at law, so that she is entitled to an injunction to halt any further infringing activity.

### FOURTH CAUSE OF ACTION

(Declaratory Relief – Declaration of Co-Ownerhship of "This Isn't Me")

46. Plaintiff realleges and reincorporates paragraphs 1 - 28 above, as though set forth fully herein.

47. A dispute has arisen as to whether Plaintiff and Defendant MCCULLOUGH are co-owners of the copyright in "This Isn't Me." MCCULLOUGH's management and record label would not respond to Plaintiff's requests for an accounting.

48. MCCULLOUGH has been unjustly enriched by his use of the "This Isn't Me" copyright, and Plaintiff is entitled to an accounting of MCCULLOUGH's profits so that he may obtain his rightful share of his revenues, under the equitable principles of unjust enrichment, restitution and constructive trust.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants as follows:

a. That the Court order Defendants to pay monetary damage to Plaintiff in an amount sufficient to compensate him for all damages resulting from the unauthorized copying, distribution and sale of his work, including, but not limited to, his lost sales and disgorgement of Defendants' profits;

b. That Defendants and their agents and servants all be enjoined from selling, distributing, or manufacturing items which infringe Plaintiff's copyrights and from any unauthorized copying of any of Plaintiff's copyrighted work;

c. That the Court declare "This Isn't Me" to be a joint work, with Plaintiff and MCCULLOUGH to be the coauthors;

d. The Plaintiff be entitled to an accounting, to be performed at Defendants' expense, of all revenues derived from "This Isn't Me" and any infringing works, under the equitable principles of restitution and unjust enrichment;

e. That a constructive trust be placed on all future revenues derived from "This Isn't Me" and derivative works;

      c.      That Plaintiff be awarded prejudgment interest as allowed by law;

      d.      That Plaintiff be awarded his costs of this action; and

      e.      That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

DATED: May 28, 2014              KARISH & BJORGUM, PC

By: *[signature]*
A. Eric Bjorgum
KARISH & BJORGUM, PC
Attorneys for Plaintiff
ANTHIME GIONET pka BAKED ALASKA

## REQUEST FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff hereby requests a trial by jury of all issues raised by its counterclaims which are properly triable to a jury.

Dated: May 28, 2014

Respectfully submitted,

By: _____
A. Eric Bjorgum
KARISH & BJORGUM PC
Attorneys for Plaintiff ANTHIME GIONET